EXHIBIT "A"

## IN THE COUNTY COURT FOR THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY, FLORIDA
## CIVIL DIVISION

**MASTER MCCORMICK,**

    **Plaintiffs,**

                              **Case Number:**

v.

**TCC WIRELESS LLC d/b/a/ T-Mobile.**

    **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of their complaint, Plaintiff states as follows:

2. Plaintiff was employed by Defendant as an "assistant manager". Despite Plaintiff's title as "assistant manager," Plaintiff was not paid on a salary basis and was instead paid on an hourly basis.

3. Plaintiff was employed by Defendant during the three years prior to this lawsuit.

4. Defendant are a wireless telephone enterprise and provide related services in Marion County, Florida.

5. Defendant owns and operates an enterprise with regards to their wireless telephone company.

6. During his employment, Plaintiff received paychecks from Defendant.

7. During his employment, Plaintiff performed Assistant Manager services for Defendant.

8. Defendant owns and operates a Wireless telephone company in Marion County, Florida.

9. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Marion County, Florida.

10. At all times during his employment, Plaintiff was employed by Defendant as a non-exempt employee who was paid an hourly wage.

11. During the entirety of his employment, Plaintiff worked at least 43 hours per week.

12. Plaintiff was not paid overtime wages for all of the hours he worked while employed by Defendant.

13. Plaintiff was not subject to any overtime exemptions.

14. Defendant engaged in an illegal policy of requiring Plaintiff to work 43 or more hours in each workweek of his employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

15. Defendant did not maintain or utilize time keeping records and software that would have allowed Plaintiff to be paid for all hours worked in violation of 29 C.F.R. § 516.

16. Defendant failed to pay Plaintiff at one-and-one-half-times his regular rate for all hours worked beyond 40 in a single workweek.

17. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

18. As a result, Plaintiff often performed work for Defendant at a rate well below the appropriate premium wage.

19. As of this date, Plaintiff still has not been paid the entirety of his wages and have not been compensated for the full extent of his damages and wage loss under the FLSA.

20. Plaintiff seeks full compensation, including back wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiffs for the benefit of Defendant.

21. Defendant is a for profit corporations that operate and conduct business in, among others, Marion County, Florida, and is therefore, within the jurisdiction of the Court.

22. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved wireless telephone services and required Plaintiff to regularly communicate with our-of-state customers, vendors, and Defendant who is headquartered out of state.

23. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of back wages, liquidated damages, and reasonable attorneys' fees and costs.

24. The Court has jurisdiction over Plaintiff's claims as material events transpired in Marion County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

25. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the wireless telephone industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue

and has two or more employees that handle goods in commerce, including automobiles, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

26. At all material times relevant to this action, Plaintiff in his capacity as an Assistant Manager worker, and was individually covered by the FLSA. The very essence of Plaintiffs' employment, selling wireless telephone services, is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated.

27. Indeed, Plaintiff was regularly required to communicate with out-of-state customers, out-of-state vendors, received mail from out-of-state, and communicated with other entities via internet, electronic mail, and telephonic communications.

28. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

29. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

30. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of their employment.

31. However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

32. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32, above.

34. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

35. Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single work week.

36. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

37. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

38. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

39. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 28th day of August, 2020,

/S/ **Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com

5

IN THE COUNTY COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA
CIVIL DIVISION

**MASTER MCCORMICK,**

    **Plaintiffs,**

                                        Case Number: 20-CA-1411

v.

**TCC WIRELESS LLC d/b/a/ T-Mobile.**

    **Defendant.**

_____/

## Summons

To:        **DEFENDANT TCC WIRELESS LLC d/b/a/ T-Mobile.**
             **C/O:NRAI SERVICES, INC**
             **1200 SOUTH PINE ISLAND ROAD**
             **PLANTATION, FL 33324**

**YOU ARE HEREBY SUMMONED** and required to serve on Plaintiff's Attorney

    Kyle Lee, Esq.
    1971 West Lumsden Road
    Suite 303
    Brandon, Florida 33511

an answer to the complaint which is served upon you with this summons, within <u>20</u> days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

<u> DAVID R. ELLSPERMANN </u>                <u> AUGUST 28, 2020 </u>
Clerk OF COURT                                    Date

<u>*R. Buell*               </u>
(By) Deputy Clerk

## RETURN OF SERVICE

State of Florida

County of Marion

Case Number: 20-CA-1411

Plaintiff:
**MASTER MCCORMICK,**

vs.


FFP2020000874

Defendant:
**TCC WIRELESS LLC d/b/a/ T-Mobile.**

For:
LEE LAW PLLC
6530 TAMPA EXECUTIVE AIRPORT RD
#227
TAMPA, FL 33610

Received by FAITHFUL PROCESS on the 2nd day of September, 2020 at 11:25 am to be served on **TCC WIRELESS LLC D/B/A T-MOBILE C/O NRAI SERVICES INC., 1200 S PINE ISLAND RD, PLANTATION, FL 33324.**

I, PAUL VEGA, do hereby affirm that on the 3rd day of **September, 2020** at **11:00 am**, I:

served a **CORPORATE - LLC** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Donna Moch as SOP Manager**, at the address of: **1200 S PINE ISLAND RD, PLANTATION, FL 33324** and informed said person of the contents therein, in compliance with state statutes.

Description of Person Served: Age: 54, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 160, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing return of service and that the facts stated in it are true pursuant to Florida Statute 92.525(2).

PAUL VEGA
SPS 579

FAITHFUL PROCESS
1703 N Tampa St
#7
Tampa, FL 33602
(813) 223-2255

Our Job Serial Number: FFP-2020000874

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1k

Electronically Filed Marion Case # 20CA001411AX 09/14/2020 01:31:39 PM